UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. PADGETT, as Administrator of the Estate of John D. Padgett, II, Deceased,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES MICHAEL RIDEN and THOMAS PERKINS,<br><br>   Defendants. | Case No. 04-cv-4078-JPG |

## MEMORANDUM AND ORDER

   This matter comes before the Court on defendant Thomas Perkins's ("Perkins") motion to dismiss for failure to timely achieve service under Federal Rule of Civil Procedure 4(m) (Doc. 35). The Court construes the motion as an appeal of Magistrate Judge Philip M. Frazier's two orders allowing plaintiff John D. Padgett ("Padgett") extensions of time to serve Perkins with process (Docs. 19 & 25). Padgett has responded to the motion (Doc. 38).

   A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decisions unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.* The Court's review of those decisions necessarily starts with Federal Rule of Civil Procedure 4(m), which governs the time in which process must be served. That rule provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or *direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).  Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect.  *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

In this case, Padgett filed the Complaint on April 23, 2004, but failed to serve Perkins within 120 days.  Padgett asked the Court for an extension of time to accomplish service because he was having difficulty locating Perkins but was making efforts at the time to find him.  Magistrate Judge Frazier granted the motion, finding that Padgett had shown good cause for the delay (Doc. 19).  Again Padgett failed to accomplish service by the extended deadline, and again he requested an extension of time, setting forth various other attempts his staff and several private investigators had made to serve Perkins.  Magistrate Judge Frazier again extended the deadline for service without making any explicit finding of good cause or excusable neglect (Doc. 25).  Padgett accomplished service on Perkins within that time period.

The Court has reviewed Magistrate Judge Frazier's orders and finds that they are not clearly erroneous or contrary to law.  Padgett demonstrated good cause to support his first request for an extension and, at a minimum, excusable neglect for the second.  Magistrate Judge Frazier was not in error to exercise his discretion to grant the second extension.

For these reasons, the Court **AFFIRMS** Magistrate Judge Frazier's orders (Docs. 19 & 25) and **DENIES** Perkins's motion to dismiss (Doc. 35).

**IT IS SO ORDERED.**
**DATED:  September 26, 2005**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**