UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. PADGETT, as Administrator of the Estate of John D. Padgett, II, Deceased,<br><br>      Plaintiff,<br><br>   v.<br><br>JAMES MICHAEL RIDEN and THOMAS PERKINS,<br><br>      Defendants. | Case No. 04-cv-4078-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant James Michael Riden's ("Riden") motion to dismiss the count of plaintiff John D. Padgett's Complaint asserted against him for malicious prosecution (Doc. 36). Padgett has responded to the motion (Doc. 40).

**I.   Standard for Dismissal**

Riden brings this motion under Federal Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

**II.   Alleged Facts**

Accepting all allegations in the Amended Complaint as true and drawing all reasonable inferences in the plaintiff's favor, the Court finds the following relevant facts for the purpose of

this motion.  The Court sets forth the facts only generally, for the issue to be decided in this motion does not require great detail.

On April 25, 2005, defendant Thomas Perkins ("Perkins") confronted plaintiff's decedent, John D. Padgett II ("John") and made false accusations that John had spit on Perkins' truck.  Perkins drew a knife on John, but when it became apparent that John was able to defend himself using martial arts, Perkins retreated into his truck.

Riden, a Harrisburg, Illinois, policeman, soon arrived on the scene and began to concoct a false story in consultation with Perkins that shifted all blame for the confrontation to John.  Knowing the story to be false, Riden included it in his official report, testified to it in court, pressured witnesses to change their stories to support it, and planted evidence that tended to corroborate it.  Riden arrested John, who spent several days in jail until bond was set.  Ultimately, John was acquitted of all charges at trial in October 2002.

As a result of Riden's and Perkins's actions, John suffered, among other things, great emotional distress, which caused him to commit suicide in December 2002.  Padgett is pursuing this action, including a claim for malicious prosecution against each defendant, in his capacity as the administrator of John's estate.

### III.    Analysis

Riden is not entitled to dismissal of Padgett's malicious prosecution cause of action at this time.  Riden asks the Court to dismiss that claim on the grounds that it is personal to John and did not survive his death.  He cites *Kent v. Muscarello*, 293 N.E.2d 6 (Ill. App. Ct. 1973), in support of his argument.  On the other side, Padgett argues either that Riden misconstrues *Kent* or that *Kent* was wrongly decided and that, in any case, the Illinois Supreme Court would likely now hold that the Illinois Survival Act ("Survival Act"), 755 ILCS 5/27-6, allows the survival of

suits like the one at bar.

Generally, a malicious prosecution action is a common law tort that does not survive the injured party's death under common law. *See Shedd v. Patterson*, 144 N.E. 5, 6 (Ill. 1924). If it survives at all, it must be by virtue of the Survival Act, which states, in pertinent part:

> In addition to the actions which survive by the common law, the following also survive: . . . actions to recover damages for an injury to the person [and] . . . actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies . . . .

755 ILCS 5/27-6. Padgett argues that this case falls into both categories cited above: a personal injury action and an action against an officer for malfeasance. Riden relies solely on *Kent* to argue that this case falls into neither category.

The Court finds that Padgett may be able to prove a set of facts consistent with those in the complaint showing that his malicious prosecution action survives John's death under the "officer malfeasance" provision of the Survival Act. Thus, the Court need not address whether a malicious prosecution action can ever be viewed as a personal injury action for Survival Act purposes, whether *Kent* was wrongly decided, or what the Illinois Supreme Court would decide were it presented with the question today.

The inquiry begins, of course, with *Kent v. Muscarello*, 293 N.E.2d 6 (Ill. App. Ct. 1973). In *Kent*, the Illinois Appellate Court for the Second District addressed both portions of the Survival Act at issue in this case. In that case, an individual sued two municipal policemen for malicious prosecution that he claimed resulted in the activation or aggravation of thymus gland cancer. *Kent*, 293 N.E.2d at 7. Before the case was resolved, the individual died, and his executor sought to be substituted as plaintiff. *Id.* The Court found that the malicious prosecution action did not survive the injured person's death and refused to allow the executor to maintain the action. *Id.* On appeal, the Illinois Appellate Court held that it was well-settled in

3

Illinois that a cause of action for malicious prosecution did not survive under the Survival Act based on the nature of the claim. *Id.* at 8. It further held that the malicious prosecution cause of action did not survive under the "officer malfeasance" provision of the Survival Act because there was insufficient evidence in the record to establish that the policemen defendants were, in fact, deemed "officers" by their employing municipality. *Id.* The Illinois Appellate Court thus upheld the trial court's ruling. *Id.*

The Seventh Circuit Court of Appeals tempered *Kent*'s holding a bit in *Beard v. Robinson*, 563 F.2d 331 (7th Cir. 1977). *Beard* involved a federal civil rights action brought against a Chicago policeman, among others. *Id.* at 332. Although it did not specifically involve a malicious prosecution cause of action, it addressed head-on the "officer malfeasance" provision of the Survival Act. *Id.* at 333. It first acknowledged the Illinois Supreme Court's declaration that the Survival Act is remedial in nature and should therefore be liberally construed. *Id.* at 33. Keeping that in mind, the *Beard* court recognized that *Kent*'s pronouncements on the "officer malfeasance" portion of the Survival Act turned on the facts of the case and that the critical factor in *Kent* was the lack of evidence to show that the municipality employing the defendant policemen had made them "officers" for Survival Act purposes. *Id.* However, *Beard* also acknowledged that in other cases, Illinois courts had found sufficient evidence to establish that policemen were "officers." *Id.* (citing *City of Chicago v. Industrial Comm'n*, 125 N.E. 705 (Ill. 1920) (holding that Chicago ordinance made Chicago policemen "officers" for worker's compensation purposes)). As a consequence, the *Beard* court held that the "officer malfeasance" provision could apply to the claims against policemen deemed "officers" by their employers. *Id.* at 334.

In this case, there is insufficient evidence in the complaint to determine whether Riden, a

Harrisburg policeman, is an "officer" for Survival Act purposes. It appears that there may be facts consistent with those pled in the complaint under which he could be so deemed and under which the malicious prosecution cause of action against him could survive John's death. Accordingly, the Court must deny the motion to dismiss that cause of action.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Riden's motion to dismiss (Doc. 36).

**IT IS SO ORDERED.**
**DATED: October 13, 2005**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**