UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN D. PADGETT, as Administrator of the
Estate of John D. Padgett, II, Deceased,

        Plaintiff,

   v.

JAMES MICHAEL RIDEN and THOMAS
PERKINS,

        Defendants.

Case No. 04-cv-4078-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant James Michael Riden's ("Riden") motion for summary judgment (Doc. 37). Plaintiff John D. Padgett ("Padgett") has responded to the motion (Doc. 39).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In this case, Padgett alleges that on April 25, 2005, defendant Thomas Perkins ("Perkins") and plaintiff's decedent, John D. Padgett II ("John") had an altercation. He further alleges that when Riden, a Harrisburg, Illinois, policeman, arrived on the scene, Riden and Perkins concocted a false story that shifted all blame for the confrontation to John. The complaint also alleges that Riden included the false story in his official report, testified to it in

court, pressured witnesses to change their stories to support it, and planted evidence that tended to corroborate it.  Riden arrested John, who spent several days in jail until bond was set.  Ultimately, John was acquitted of all charges at trial in October 2002.  Padgett alleges that as a result of Riden's and Perkins's actions, John suffered, among other things, great emotional distress, which caused him to commit suicide in December 2002.

Padgett's complaint alleges claims under 42 U.S.C. § 1983 for violation of John's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure and for violation of John's Fourteenth Amendment due process right not to be maliciously prosecuted.  The complaint also alleges state law claims for malicious prosecution.

In order to establish a § 1983 claim against an individual, a plaintiff must prove that the defendant deprived the plaintiff of rights secured by the Constitution or laws of the United States and that the defendant was acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Brokaw v. Mercer Co.*, 235 F.3d 1000, 1009 (7th Cir. 2000).  In order to establish a claim for malicious prosecution, a plaintiff must prove "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceedings; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Ferguson v. City of Chicago*, 795 N.E.2d 984, 986 (Ill. App. Ct. 2003) (internal quotations omitted).

Riden's motion requests summary judgment on the grounds that, under Illinois law, Padgett cannot recover for suicide following a tortious act.  *See Moss v. Meyer*, 454 N.E.2d 48 (Ill. App. Ct. 1983).  The motion does not, however, establish that Riden is entitled to judgment as a matter of law on any of the claims asserted.  First, Riden's motion does not discuss the applicability of Illinois law to § 1983 actions.  Second and more importantly, Riden's motion is

2

directed solely toward eliminating certain aspects of damages and does not negate or point to any factual gap with respect to any element that Padgett must prove to prevail in his case.  Even if Riden's argument has merit, a matter that the Court does not decide in this order, Padgett may still be able to recover nominal damages or compensatory damages for injuries to his constitutional rights that preceded John's suicide.  *See Memphis Community School District v. Stachura*, 477 U.S. 299, 308 n. 11 (1986) ("nominal damages . . . are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury").

For this reason, the Court finds that Riden has not demonstrated that he is entitled to judgment as a matter of law and **DENIES** Riden's motion for summary judgment (Doc. 37).

**IT IS SO ORDERED.**
**DATED:  October 17, 2005**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**